## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **SHIRLEY WHITE,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **CIV-16-** 56-W |
| | | ) | |
| 1. | **HQW OF AZ, LLC, and** | ) | |
| 2. | **HIGH QUALITY WATER OF** | ) | |
| | **OKLAHOMA,** | ) | |
| | | ) | **ATTORNEY LIEN CLAIMED** |
| | **Defendants.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Shirley White, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.      Plaintiff, Shirley White, is an African-American adult female resident of Oklahoma County, Oklahoma.

2.      Defendant HQW of AZ, LLC is an entity doing business in Oklahoma County, Oklahoma.

3.      Defendant High Quality Water of Oklahoma is an entity doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

4.      This is a cause of action arising out of Plaintiff's former employment with Defendants based on claims of (a) violations of Title VII of the Civil Rights Act of 1964, as

1

amended ("Title VII") and 42 U.S.C. § 1981 in the form of race discrimination and retaliation; (b) violations of Title VII in the form of gender discrimination and retaliation; and (c) retaliation for filing with the Equal Employment Opportunity Commission in violation of Title VII.

5.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

6.     All of the actions complained of herein occurred in Oklahoma County, Oklahoma. Defendants are doing business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

7.     Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 13, 2015. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated December 9, 2015 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

8.     Plaintiff, an African American female, was hired by Defendants as a Telemarketer on or about July 10, 2014.  On or about January 15, 2015, Plaintiff was promoted to Night Supervisor.

9.     Defendants are authorized dealers of Rainsoft Water Treatment Systems, a

2

water filtration system individually sold to residential and commercial customers. Defendants have entered into a sales agreement with Home Depot stores to exclusively offer Rainsoft Water Treatment Systems to Home Depot customers nationwide.

10.     As a Telemarketer and Night Supervisor, Plaintiff was required to call potential customers to set up appointments for an outside sales representative employed by Defendants to provide an in-home demonstration of the system.  Plaintiff received hourly compensation plus commission for each appointment she scheduled which resulted in the sale of a Rainsoft system.

11.     In or around December 2014, Plaintiff asked her direct supervisor, Marketing Manager Carissa Jackson, if she could move into an outside sales position.  Plaintiff was qualified and had previous experience in this type of sales position.  As an outside sales representative, Plaintiff could earn approximately $800-$1200 for each sale of a Rainsoft system.

12.     Although she followed up with Jackson, Plaintiff did not receive a response. Thus, in or around January 2015, Plaintiff spoke to Sales Manager Mark Silver (who is Caucasian).  Silver told Plaintiff to speak with owner Michael Ross (who is Caucasian). Silver further stated that Plaintiff would have a hard time selling in Oklahoma because she is a woman and she is Black.

13.     In or around early February 2015, Plaintiff asked Ross about moving to an outside sales position.  However, Ross referred Plaintiff back to Silver regarding the sales

3

position and said that he was not looking for any outside sales representatives in Oklahoma. Plaintiff told Ross that she had already talked to Silver, who referred her to Ross.

14.     Plaintiff also asked if Ross would consider Plaintiff the next time an outside sales position was available.  Ross stated that Plaintiff had three strikes against her because she is Black, female and living in Oklahoma.   Ross said this would prevent Plaintiff from being successful in sales because Oklahomans were all racist and sexist.  Plaintiff told Ross her gender and race had not prevented her from being successful in sales with previous employers.

15.     Based on Plaintiff's persistence, Ross finally agreed to tell Silver that Plaintiff could train with other outside sales representative the next time Defendants hired in Oklahoma City.

16.     Approximately two (2) weeks later, Jackson told Plaintiff that she (White) would not, in fact, be allowed to train for outside sales.  Jackson further indicated that Silver did not want Plaintiff continuing to ask about moving to outside sales.  Jackson said that Silver and Ross did not feel Plaintiff was the "face of the company." When Plaintiff asked if Ross and Silver lied to her, Jackson said that they had.  Jackson further said Ross was sexist.

17.     Within the same week that Jackson told Plaintiff she could not train for the outside sales position, two (2) new outside sales representatives were hired.  Both were Caucasian and male.

4

18.     On or about March 3, 2015, Plaintiff submitted an Intake Questionnaire to the EEOC based on race and gender discrimination in the denial of the outside sales position.

19.     On or about March 12, 2015, Plaintiff was told by Jackson that Plaintiff was observed watching TV on her shift the evening prior. Jackson told Plaintiff her options were to be suspended without pay for one week and return to a part-time position with a $1 hourly pay reduction, or be terminated.

20.     Plaintiff told Jackson that she did not agree with either option, as Plaintiff had been on her break when watching TV the previous evening for approximately twenty (20) minutes. Plaintiff further noted that she had not ever previously been disciplined and that Jackson frequently asked Plaintiff to perform personal errands for Jackson while Plaintiff was clocked in. Plaintiff told Jackson she would return to work for her regularly scheduled shift. Jackson indicated that this was not an option and told Plaintiff that could not return to work as the full-time night supervisor. Jackson further stated that this was what Ross wanted. Thus, Plaintiff was terminated.

21.     Such reason was false and merely pretext for race discrimination, gender discrimination, and in retaliation for her filing with the EEOC. Plaintiff was provided two 20 minute breaks on her shift, one of which she spent watching a television provided by Defendants in their break room. Other employees engaged in this type of conduct, or worse, and were not discipline for such conduct.

22.     Following her termination, Jackson told Plaintiff that she would not be issued

her final paycheck until Plaintiff signed a written statement indicating she quit her job. Plaintiff refused to sign this false document.

23.     Defendants have denied outside sales positions to other female, non-Caucasian employees as well.

24.     Plaintiff was replaced in her position as Night Supervisor by a White individual.

25.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - Title VII Gender Violations

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination and retaliation.

27.     Plaintiff is entitled to relief under Title VII because she applied for and was qualified for the position of outside sales representative, she was rejected, and the reason proffered by the employer for her non-promotion was her gender.

28.     Moreover, Plaintiff is entitled to relief because she is female, qualified for her position as Night Supervisor, was constructively discharged, and her position was not eliminated following her discharge.

29.     As damages, Plaintiff has suffered lost earnings, past and future, emotional

distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

30.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT II - Title VII Race Violations

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

31.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination and retaliation.

32.     Plaintiff is entitled to relief under Title VII because she applied for and was qualified for the position of outside sales representative, she was rejected, and the reason proffered by the employer for her non-promotion was her race.

33.     Moreover, Plaintiff is entitled to relief because she is Black, qualified for her position as Night Supervisor, was constructively discharged, and her position was not eliminated following her discharge.

34.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

35.     Because the actions of the Defendants were willful, wanton or, at the least, in

reckless disregard of Plaintiff' rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT III - 42 U.S.C. § 1981 Violations

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

37.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and non-pecuniary losses.

38.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff' rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT IV - Title VII Retaliation

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

39.     The matters alleged above constitute a violation of Title VII of the Civil Rights Act of1964 for retaliating against Plaintiff for opposing discriminatory practices within the workplace, or filing a Charge of Discrimination with the EEOC and for participating in the EEOC process.

40.     Plaintiff is entitled to relief under Title VII because she engaged in a protected

act by filing with the EEOC, she suffered an adverse action, and, as shown above, there is a causal link between the protected act and the adverse action.

41.    As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess actual, compensatory, punitive damages, and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

### RESPECTFULLY SUBMITTED THIS 26th DAY OF JANUARY, 2016.

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
LAUREN W. JOHNSTON, OBA #22341
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800     (telephone)
(405) 239-3801     (facsimile)
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED